**ORDERED ACCORDINGLY.**

1 Clint W. Smith (010461)
CLINT W. SMITH, P.C.
2 1423 S. Higley Rd., #120
Mesa, AZ 85206
3 (480) 807-9300
(480) 275-5626
4 cws@cwspclaw.com
Attorney for Debtors
5

**Dated: November 02, 2010**



_____
**GEORGE B. NIELSEN, JR**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| In re: | Case No.: 10-bk-24893-GBN |
|---|---|
| HAROLD O. BOYNTON and SANDRA K. BOYNTON,<br><br>Debtors. | ORDER RE:<br>MOTION TO AVOID SECOND MORTGAGE LIEN OF DESERT SCHOOLS FEDERAL CREDIT UNION |

On October 7, 2010, Debtors filed a Motion to Avoid Second Mortgage Lien of Desert Schools Federal Credit Union, to value the lien of Desert Schools Federal Credit Union (hereinafter "Lienholder") against the property commonly known as 3863 E. Diamond Circle, Mesa, Arizona 85206 ("Property"), and more fully described on Exhibit "A" attached hereto, which lien was recorded in Maricopa County, Arizona, on or about October 20, 2008, as document no. 20080902990 (hereinafter the "Lien").

The Court finds that notice of the Motion to Avoid Second Mortgage Lien of Desert Schools Federal Credit Union upon Lienholder was proper. Lienholder having failed to file timely opposition to Debtors' Motion, the Trustee having filed no Objection to the Motion, the Court hereby orders as follows:

1. For purposes of Debtors' Chapter 13 Plan only, the Lien is valued at zero. Lienholder does not have a secured claim and the Lien may not be enforced, pursuant to 11 U.S.C. §§506, 1322(b)(2) and 1327. The current Fair Market Value of the Property is $134,800.00. The first mortgage lien holder, Wells Fargo Bank, is owed $164,000.00 on the Property. The second mortgage lien holder, Desert Schools Federal Credit Union, is owed $22,618.00 on the Property. The second mortgage lien is subject to the first mortgage lien of Wells Fargo Bank, and therefore, has no collectable value. The claim of Desert Schools Federal Credit Union will be treated as a general unsecured claim.

2. This Order shall be come part of Debtors' confirmed Chapter 13 Plan.

3. Upon entry of a Discharge in Debtors' Chapter 13 case, the Lien shall be voided for all purposes and, upon application by Debtors, the Court will enter an appropriate form of judgment voiding the Lien.

4. If Debtors' Chapter 13 case is dismissed or converted to a Chapter 7 before Debtors obtain a discharge, this Order shall cease to be effective and the Lien shall be retained to the extent recognized by applicable non-bankruptcy law and, upon application by Lienholder, the Court will enter an appropriate form of order restoring the Lien.

5. Except as provided by separate, subsequent order of this Court, the Lien may not be enforced so long as this Order remains in effect.

.

DATED this _____ day of _____, 2010.

BY THE COURT

_____
Honorable George B. Nielsen, Jr.

EXHIBIT "A"

LOT 150, LEMONTREE 2, according to the Plat of Record in the Office of the County Recorder of Maricopa County, Arizona, recorded in Book 259 of Maps, Page 34.